# COMMON PLEAS OF LACKAWANNA CO.

ZEIDLER ET. UX. VS. PHILADELPHIA TRUST COMPANY, ET. AL.

The deed of a lot of land was made to A. Subsequently he mortgaged the property and the same was later sold at Sheriff's sale. Possession was obtained by the purchasers and has been enjoyed for about two years. During this time A, and B, his wife, occupied the premises as tenants under the purchasers' lessees, and at the expiration of the term A and B, in right of the wife, applied for an injunction to restrain the plaintiffs from disturbing her in her possession, it being alleged that the lot was bought and paid for, and the building erected by the wife. HELD,

First, That where equities are equal the legal title must prevail.

Second. That a purchaser, or a mortgagee who is a purchaser within the meaning of the recording acts, is not bound to look beyond the record in an examination of titles.

Third, That the title to land being in the husband and not coming through the wife, and no notice being given that it was held in trust for her use, the mortgagee is protected against a secret, unrecorded equity.

Motion for Injunction.

Opinion by HANDLEY, P. J.

The plaintiff Mrs. Zeidler, complains, that she is the owner in her own right of a certain lot of land situate in the city of Scranton, with a five story brick building thereon, and now used and occupied by her as a store, bakery and dwelling; that the said lot was bought and paid for, and the said building was erected by the plaintiff. The papers in this case show, that the Lackawanna Iron and Coal Company conveyed the lot in question by deed to John Zeidler.

Subsequent to all this the husband of the plaintiff mortgaged the property in dispute and still later the same was sold by the Sheriff of Luzerne county, and purchased by the Trust Company, one of the defendants here. Possession was obtained, and the Trust Company leased the same to Tropp and Gunster, who afterwards sub-leased it to John Zeidler and Mary Zeidler. At the expiration of this lease, the Trust Company was again placed in possession, whereupon said Company leased the said premises to

Derr and Schadt, and that they sub-leased the same premises to John Zeidler and Mary Zeidler. This lease expired on the first day of April, 1879.

The bill of complaint and affidavits presented on the part of the plaintiff raise several very interesting questions of law. But for the present we will confine ourselves to the question, whether under this showing, the plaintiff is entitled to an injunction to restrain the defendants from disturbing the plaintiff in her possession.

The bill of complaint may have merits, and Mrs. Zeidler may be able to show, on full hearing, that she is the owner of this property, in her own right. That question at the coming in of the evidence and master's report, we will examine, and decide, but not now.

The Supreme Court of Pennsylvania, a short time since, in the case of Earnest vs. Cuthberstan, 6 W. N. 199, where Mrs. Earnest showed that her father died and upon distribution of his estate the sum of $19,403.00 was allotted to her, and that this money passed into the hands of her husband, and was invested by him in the premises in dispute, but that without her knowledge or consent title was taken to the property in the name of her husband, and that she had no knowledge of that fact until after the failure of her husband in 1874, and that the mortgage given by her husband, on the premises, was made and executed without her knowledge or authority, decided under this showing that the plaintiff is a lien creditor, and in order to render her equitable estate superior to her right as a mortgagee, the defendant must have had notice, either expressed or implied, of her equitable rights. If the defendant had no such notice, the equities are equal, and the legal title which is in the plaintiff must prevail.

A purchaser, and a mortgagee is a purchaser within the meaning of our recording acts, is not bound to look beyond the record The court adds, that this case is governed by the recording acts. The title was in the name of the husband. It did not come through the wife, and there was no notice of a trust for her use, and hence pro-

tected under the law for recording deeds against a secret unrecorded equity of which the mortgagee had no notice.

We must, therefore, under the rule laid down in this case, refuse the injunction prayed for.

Injunction refused.

GEN. ( SBORN and JAMES MAHON for Plaintiffs.

E. B. STURGES for Defendants.